IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEWAYNE WRIGHT                                              PETITIONER

VS.                                    CIVIL ACTION NO.  3:17cv442-DPJ-FKB

WARDEN L. SHULTS                                          RESPONDENT

## **REPORT AND RECOMMENDATION**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
Dewayne Wright filed his petition on June 5, 2017, while he was a federal inmate
incarcerated at the Federal Correctional Complex at Yazoo City, Mississippi, serving a
25-year sentence imposed in 1981.  According to his petition, at the time of his federal
sentencing, Wright had been in the primary custody of the state of Alabama.  Following
the imposition of his federal sentence, Wright was returned to state custody, where he
remained until 2010, when he was paroled.  Wright was taken into federal custody to
begin serving his federal sentence in 2011.  Thereafter, Wright requested that the
Bureau of Prisons (BOP) grant him a *nunc pro tunc* designation of the state facility in
which he had been incarcerated as the place of service of his federal sentence.  The
request was denied.  Wright's petition challenged this denial.  In its response to the
petition, the government stated that after the filing of Wright's petition, the BOP had
initiated a second review of Wright's request for a *nunc pro tunc* designation and that
this review remained pending.

The website of the Federal Bureau of Prisons indicates that on October 11, 2017,
Wright was released from custody. Thus, it appears that his request for a *nunc pro tunc*

designation was granted.  In any event, his release renders his petition moot and subject to dismissal.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of June, 2018.


s/ F. Keith Ball
United States Magistrate Judge